IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| Barbara Penarouque,<br>   On behalf of herself and others similarly situated<br>        Plaintiffs,<br><br>v.<br><br>Century Park Associates, LLC<br><br>        Defendant. | CASE NO.:<br><br>JURY REQUESTED |

## COLLECTIVE ACTION COMPLAINT

Barbara Penarouque ("Plaintiff"), by counsel, on behalf of herself and others similarly situated, states the following as her Collective Action Complaint against Century Park Associates, LLC, ("Defendant"):

### PARTIES AND SERVICE

1. Plaintiff is a citizen of the United States of America and the State of Florida and resides in Orange County, Florida. Defendant is Plaintiff's former employer. Her written consent opting in to this collective action is attached as Exhibit A.

2. Defendant is a Tennessee corporation with its principal office located in Cleveland, Tennessee. Century Park Associates, LLC can be served with process through its registered agent for service of process, Forrest L. Preston, 3570 Keith St. NW, Cleveland, TN 37312-4309, USA, in any manner the Federal Rules of Civil Procedure permit.

1

3. The Collective Members are hourly office workers employed and/or jointly employed by Defendant within the last three years who were paid an hourly rate with no overtime pay. These employees are responsible for bookkeeping, collections, and various other office duties.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (Fair Labor Standards Act of 1938 collective action).

5. Defendant is subject to personal jurisdiction in the Eastern District of Tennessee. Defendant made itself subject to this Court's jurisdiction by maintaining its principle office, a physical presence and business operations in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c) because Defendant resides in this District.

## NATURE OF THE ACTION

7. This is a private civil action brought against Defendant pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant did not pay its hourly office workers overtime as required by FLSA. Instead, Defendant only paid them at an hourly rate with no overtime pay for hours worked over forty (40) in a week in violation of FLSA §207(a)(1). This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

## FACTS

8. Defendant owns, manages, and operates assisted and independent living facilities across the country.

9. Upon information and belief, Defendant employs and/or jointly employs hourly office workers across the country whose primary duties are bookkeeping, collections and various other office duties.

10. Plaintiff brought it to Defendant's attention that it has and continues to violate FLSA.

11. Plaintiff and the Collective Members are and were Defendant's hourly office workers and are and were paid on an hourly basis during their employment with Defendant.

12. Defendant is a covered enterprise because it is a business engaging in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) for at least each of the last three years.

13. Defendant's employees routinely use or handle goods or materials, including vehicles, tools, equipment, telephones, computers, and fax machines that are produced for interstate commerce or actually travel in interstate commerce. Defendant also used the United States Postal system to send mail across state lines and interstate banking systems to pay Defendant's employees.

14. Defendant determined the hours Plaintiff and the Collective Members worked.

15. Defendant determined Plaintiff's and the Collective Members' duties as well as work locations.

16. Defendant made personnel and payroll decisions, including Plaintiff's and the Collective Members' pay rates, their job assignments and the decision to not pay them overtime.

17. Defendant owns or controls the equipment and supplies Plaintiff and the Collective Members use to perform their work.

18. Defendant has the power to hire and fire Plaintiff and the Collective Members.

19. Defendant determined the rate and method of payment for Plaintiff and Collective Members.

20. Plaintiff and the Collective Members are and were paid straight time only, or at the same hourly rate for every hour worked over forty (40) per workweek as it did for every hour worked under forty (40).

21. Defendant's policy of only paying straight time applied to all hourly office workers employed by Defendant.

22. Defendant's policy of paying only straight time applied to all hourly-paid staff employed by Defendant.

23. Plaintiff and the Collective Members work or worked from approximately 7 a.m. to 7 p.m., Monday through Friday and occasionally Saturdays and Sundays during a workweek. Accordingly, Plaintiff and the Collective Members regularly worked more than fifty (50) hours per week.

24. Plaintiff and the Collective Members regularly worked more than forty (40) hours in a workweek. Defendant did not pay them the extra one-half-time required by the FLSA. Instead, Defendant paid Plaintiff and the Collective Members straight time only.

25. Defendant keeps personnel records for Plaintiff and the Collective Members.

26. Defendant knew Plaintiff and the Collective Members worked over forty (40) hours per week and that they did not receive overtime pay.

27. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

28. In addition to Plaintiff, Defendant employs many other hourly office workers who have the exact same job description as Plaintiff or a similar job description to Plaintiff's and are paid in the same manner as Plaintiff: straight time and no overtime pay for hours worked over forty (40). All of Defendant's hourly office employees have primary duties the same or similar to Plaintiff's.

29. These non-exempt employees are entitled to overtime pay for the same reasons as Plaintiff, and are, therefore, similarly situated to Plaintiff. These employees are collectively referred to as the "Collective Members."

30. Dozens of these employees have worked for Defendant over the last few years. Defendant's failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Collective Members. Thus, Plaintiff's experience is typical of the experience of the Collective Members. Accordingly, Defendant's payroll scheme extends well beyond Plaintiff.

31. The specific job titles, precise job requirements or job locations of the various Collective Members do not prevent collective treatment. All Collective Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime

5

compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Collective Members.

32. These Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective members are properly defined as: **"All hourly office workers employed by Defendants in the past 3 years and who worked in excess of 40 hours in one or more workweeks and were not paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 in one or more workweeks."**

## CAUSE OF ACTION- FLSA VIOLATION

33. Plaintiff and Collective Members hereby incorporate by reference paragraphs 1 through 32 of this Complaint.

34. By failing to pay Plaintiff and the Collective Members overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

35. During the relevant period, Defendant violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

36. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members. Defendant was aware that overtime pay was required for hourly employees but ignored the FLSA.

6

Case 1:18-cv-00122-HSM-SKL    Document 1    Filed 06/07/18    Page 6 of 8    PageID #: 6

37. Defendant owes Plaintiff and the Collective Members the difference between the hourly rate earnings and the proper overtime rate. Because Defendant knew, or showed reckless disregard for whether their pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

38. Defendant is liable to Plaintiff and the Collective Members for an amount equal to all unpaid overtime wages and liquidated damages.

39. Plaintiff and the Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY REQUEST

40. Plaintiff hereby requests a trial by jury.

### RELIEF REQUESTED

Plaintiff respectfully requests relief as follows:

1. An Order allowing this action to proceed as a collective action under the FLSA and directing notice to the Collective Members;

2. Judgment awarding Plaintiff and the Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the Collective Members are justly entitled.

Respectfully Submitted,

Barbara Penarouque, for herself and others similarly situated

By Counsel

s/ James M. Johnson
No. 026147
James M. Johnson, Attorney at Law
620 Lindsay Street
Suite 210
Chattanooga, TN 37403
(423) 648 4093
(423) 648 4094
jj@jamesmjohnsonatty.com

Derrick A. Reed
Texas Bar No. 24053780
Smith Reed & Armstrong, PLLC
1920 Country Place Pkwy, Suite 350
Pearland, TX 77584
(281)519-7606
derrick@srapllc.com
*Pro Hac Vice* Motion for Admission to be submitted

Counsel for Plaintiff and others similarly situated